IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| David G. Dingmann, and Randall D. Hebrink, individually, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>Bassford Remele PA, Gustafson Gluek PLLC, Schwebel Goetz & Sieben PA, Lockridge Grindal Nauen PLLP, Lewis A. Remele Jr., Daniel E. Gustafson, and John Does 1-10,<br><br>      Defendants. | Civil Case No. _____<br><br>**NOTICE OF REMOVAL** |

      Defendants Bassford Remele PA, Gustafson Gluek PLLC, Schwebel Goetz & Sieben PA, Lockridge Grindal Nauen PLLP, Lewis A. Remele Jr., and Daniel E. Gustafson ("Defendants"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446, hereby give notice of the removal of this action from the District Court for the Seventh Judicial District for the State of Minnesota, Stearns County (the "State Court") to the United States District Court for the District of Minnesota. As grounds for removal, Defendants state as follows:

## I.  PROCEDURAL BACKGROUND

    1.    On August 28, 2024, Plaintiffs David G. Dingmann, and Randall D. Hebrink, ("Plaintiffs") personally served Defendants Gustafson Gluek PLLC and Daniel E. Gustafson with the Summons and Complaint, copies of which are attached hereto as **Group Exhibit A** and incorporated herein by reference. Plaintiffs personally served

134994101v2

Defendants Bassford Remele PA, Lockridge Grindal Nauen PLLP, and Lewis A. Remele Jr., with the Summons and Complaint on August 29, 2024. Defendant Schwebel Goetz & Sieben PA is presently unaware of information evidencing or confirming valid service and reserves all rights.

2.  The Summons and Complaint have not been filed in the State Court. No other process, pleadings or orders related to this action have been served, and none have been filed in the State Court.

3.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

4.  Because this Notice of Removal is filed within thirty days of service, it is timely. *Id.*; *see also Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

5.  This case is properly removable pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

-2-

Here, the Complaint identifies Stearns County District Court, a state court within this district, as the venue for the lawsuit.

6. As set forth in detail below, this action is properly removable based on federal question jurisdiction.

## II.  REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

7. This lawsuit is properly removable pursuant to 28 U.S.C. § 1441(c)(1) which provides, in pertinent part, as follows:

> (1) If a civil action includes—
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

8. Federal question jurisdiction exists here because Plaintiffs' causes of action in Counts I and II are brought under 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d) and constitute claims "arising under the…laws…of the United States." 28 U.S.C. § 1331.

9. Accordingly, Plaintiffs' entire action may be removed to federal court. *See* 28 U.S.C. § 1441(c)(1).

10. Moreover, this Court has supplemental jurisdiction over Plaintiffs' other claims under 28 U.S.C. § 1367 because those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

## III. ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

11. This action is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

12. Defendants are proper parties that may remove Plaintiffs' action. 28 U.S.C. 1441(a).

13. All properly joined and served defendants have consented to removal. 28 U.S.C. 1446(b)(2)(A).

14. This action has not previously been removed.

15. Defendants have not answered, moved or otherwise formally responded to the subject Summons and Complaint.

16. The United States District Court for the District of Minnesota is the operative federal court for the "district and division" of Stearns County, Minnesota. *See* 28 U.S.C. § 1446(a).

17. This Notice of Removal is filed within thirty (30) days of service of the subject Summons and Complaint and is therefore timely under 28 U.S.C. § 1446(b).

18. A copy of this Notice of Removal is being filed with the Court Administrator of the State Court, as provided under 28 U.S.C. § 1446. Defendants are also giving prompt written notice to Plaintiffs of the filing of this Notice of Removal.

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12(b) or otherwise, including, but not

limited to, the defenses for lack of personal jurisdiction, improper venue, insufficient service of process and failure to state a claim upon which relief can be granted. Defendants makes no admission of fact, law or liability by filing this Notice of Removal. Defendants reserve all rights, and waives none.

20. Defendants reserve the right to supplement this Notice of Removal by, *inter alia*, adding any additional jurisdictional bases which may independently support a basis for removal.

**WHEREFORE,** Defendants Bassford Remele PA, Gustafson Gluek PLLC, Schwebel Goetz & Sieben PA, Lockridge Grindal Nauen PLLP, Lewis A. Remele Jr., and Daniel E. Gustafson respectfully request that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the State Court to the United States District Court for the District of Minnesota.

Dated:  September 16, 2024         Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

By:  */s/ Michael M. Lafeber*
Michael M. Lafeber (#0242871)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
612-977-8400
mlafeber@taftlaw.com

Attorney for Defendants Gustafson Gluek PLLC And Daniel Gustafson

**GORDON REES SCULLY MANSUKHANI, LLP**

By:  */s/ Suzanne L. Jones*
Suzanne L. Jones (MN Bar No. 389345)
80 S. 8th Street
Suite 3850
Minneapolis, MN 55402
(612) 216-3455
sljones@grsm.com

Attorney for Defendant Lockridge Grindal Nauen PLLP

By:  */s/ David A. Schooler*
David A. Schooler  (MN Bar No. 225782)
80 S. 8th Street
Suite 3850
Minneapolis, MN 55402
(612) 216-3455
dschooler@grsm.com

Attorney for Defendant Schwebel Goetz & Sieben PA

**LIND, JENSEN, SULLIVAN & PETERSON,**

-6-

**P.A.**

By: */s/ William L. Davidson*
William L. Davidson (#201777)
901 Marquette Avenue South, Suite 1900
Minneapolis, MN 55402
(612) 333-3637
william.davidson@lindjensen.com

Attorney for Defendants Bassford Remele PA and Lewis A. Remele Jr.

-7-