UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David G. Dingmann, and Randall D. Hebrink, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Bassford Remele PA, Gustafson Gluek PLLC, Schwebel Goetz & Sieben PA, Lockridge Grindal Nauen PLLP, Lewis A. Remele Jr., Daniel E. Gustafson, and John Does 1-10,<br><br>Defendants. | D. Minn. No. 24-cv-3675-ECT-LIB<br><br>Judge: Eric C. Tostrud<br><br>Magistrate Judge: Leo I. Brisbois<br><br>Stearns County (MN) District Court Case No. _____ |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiffs David G. Dingmann and Randall D. Hebrink, individually, and on behalf of all others similarly situated, appeal to the United States Court of Appeals for the Eighth Circuit from the Docket Order entered on November 12, 2024, ECF No. 44, and the transcript of the District Court hearing on that date, ECF Nos. 43 and 46, attached to this Notice as Declaration of Douglas J. Nill, Ex. 7 (argument at pp. 3-22; decision at pp. 22-26), denying Plaintiffs' Motion To Remand To State Court Under The Mandatory Home State Exception In The Class Action Fairness Act of 2005, ECF Nos. 5-10 and 41-42. The Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1332, 1453, 1711-15, through § 1332(d)(2), provides that "[t]he district courts shall have original jurisdiction" in cases where the amount in controversy is over $5 million and the parties are minimally diverse. Plaintiffs' claims exceed $5 million and Plaintiffs plead

1

minimal diversity in the Complaint through the Class Allegations and John Doe Defendants. *See* Nill Decl., ECF No. 7, Ex. 1; *see generally* Plaintiffs' Reply To Defendants' Opposition To Motion For Remand [], ECF Nos. 41-42.

Plaintiffs' motion for remand is brought under 28 U.S.C. § 1332(d)(4)(B), the mandatory home state exception ("Mandatory Home State Exception") in CAFA, as the named and putative class Plaintiffs and the Defendants reside within the State of Minnesota, are subject to the jurisdiction of the State of Minnesota, and are citizens of the State of Minnesota. U.S. Const. amend. XIV, § 1. Under the Mandatory Home State Exception, such a lawsuit with the Plaintiffs and the Defendants residing in the same state "shall" remain in Minnesota state district court under the Mandatory Home State Exception. 28 U.S.C. § 1332(d)(4)(B) ("A [federal] district court *shall* decline to exercise jurisdiction … '[when] … two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."). (Emphasis added).

The District Court is required to remand this action to the Minnesota state district court, the Stearns County District Court, under the Mandatory Home State Exception. Although Plaintiffs' Complaint asserts federal Civil RICO claims in Counts II and III, the Minnesota state court has concurrent jurisdiction over those claims. *See Tafflin v. Levitt*, 493 U.S. 455, 107 L. Ed 2d 887, 110 S. Ct. 792 (1990) (recognizing concurrent federal and state court jurisdiction over RICO claims). Thus, the inclusion of the claims in the Complaint does not override the Mandatory Home State Exception which requires remand to Stearns County District Court. The civil RICO claims are a federal question

2

when raised in a federal court lawsuit, and a state question when raised in a state court lawsuit. *Dingmann* is a state court lawsuit.

The District Court declined to exercise CAFA jurisdiction and remand Plaintiffs' lawsuit to the Stearns County District Court under the Mandatory Home State Exception. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) ("[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress."), and the order denying Plaintiffs' remand motion is reviewable as a final decision. *Quackenbush*, 517 U.S. at 711-15 (1996) (remand orders are reviewable as final decisions); *Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089, 1092 (8th Cir. 2021) ("[A]fter recognizing that we had previously denied the appellants' permission to appeal under § 1453(c), we nevertheless proceeded to address their separately filed § 1291 appeal, concluding that we had jurisdiction under § 1291 to review the district court's application of the local-controversy exception." (citing *Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1228 n. 2, 1229 (8th Cir. 2012))); *see also Cheapside Minerals, Ltd. v. Devon Energy Prod. Co.*, 94 F.4th 492, 495-97 (5th Cir. 2024); *Simring v. Greensky, LLC*, 29 F.4th 1262, 1265-66 (11th Cir. 2022).

Respectfully submitted,

Dated: November 20, 2024

By: /s/ Douglas J. Nill
Douglas J. Nill (MN # 0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
1850 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
(612) 573-3669
dnill@farmlaw.com

John C. Weisensell (OH # 0029901)
WEISENSELL & CORGAN, LLC
23 South Main Street
Suite 301
Akron, OH 44308
(330) 434-1000
jack@wolf-lawyers.com

## CERTIFICATE OF SERVICE

I certify that on November 20, 2024, I caused the foregoing Notice of Appeal and the attached Declaration of Douglas J. Nill with Exhibit 7 to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this proceeding.

By: /s/ Douglas J. Nill
Douglas J. Nill